MR. CHIEF JUSTICE HASWELL,
concurring in part and dissenting in part:
I concur in reversing and dismissing defendant’s conviction of felony intimidation. The U.S. Court of Appeals for the Ninth Circuit has held Montana’s intimidation statute unconstitutional for overbreadth as indicated in the majority opinion. Wurtz v. Risley (1983), 719 F.2d 1438.
However, I would affirm defendant’s conviction of felony theft.
The majority hold that reversal is inescapable because it cannot be determined upon which of the four alternative definitions of “deprive” in Section 45-2-101(19), MCA, the jury followed in convicting the defendant. In my view this analysis and holding is incorrect in the context of this case.
Here defendant was charged in the words of the theft statute with purposely or knowingly obtaining or exerting unauthorized control over the property of another with the purpose of depriving the owner of the property. Section 45-6-301(l)(a), MCA. The defense at the trial was that the defendant lacked the requisite intent to commit theft because she did not intend to permanently deprive the owner of his property, but simply openly withheld the proceeds of the check to require the owner to keep his alleged agreement to allow defendant to raise and harvest a garden.
The evidence at the trial supported only one of the four alternative definitions of “deprive” in the statute, viz, to withhold property of another “with the purpose to restore it only upon payment of a reward or other compensation.” Section 45-2-101(19)(c), MCA. No evidence was introduced at the trial which would support any of the other three alternative definitions.
The District Court should not have given the other three alternative definitions of “deprive” as they were not relevant nor material to the evidence or issues in the case. State v. Lundblade (Mont. 1981), 625 P.2d 545, 38 St.Rep. 441; State v. Brooks (1967), 150 Mont. 399, 436 P.2d 91. I *468 would find this error harmless beyond a reasonable doubt in the context of the trial as there was no evidence on which the jury could base a conviction except Subsection (c) of Section 45-2-101(19), MCA. The majority opinion acknowledges this in the following statement contained therein:
“. . . She did not assume to withhold the the [sic] property permanently, or for such a period as to appropriate a portion of its value, or to dispose of the property and use or deal with it as to make it unlikely that the owner would recover it. Section 45-2-101(19)(a), (b), (d). The only possible definition of ‘deprive’ that might apply to the facts of this case is that contained in Section 45-2-101(19)(c), that, as to the property she had ‘the purpose to restore it only upon payment of reward or other compensation.’ ”
Montana statutes provide in pertinent part:
“. . . No cause shall be reversed by reason of any error committed by the trial court against the appellant unless the record shows that the error was prejudicial.” Section 46-20-701, MCA.
“Types of errors noticed on appeal. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded . . .” Section 46-20-702, MCA.
I would apply the foregoing rules and find that the error did not affect the substantial rights of the appellant, should be disregarded and that the error was harmless beyond a reasonable doubt.
Additionally the majority go beyond granting the appellant a new trial and instead dismiss the charge of theft against her because “the evil the statute seeks to prevent is the permanent deprivation of the owner of all or part of his property” as set forth in the majority opinion. The words of the statute do not require permanent deprivation of the owner of all or part of his property. The theft statute as applied to the facts of this case simply requires “a purpose to restore it only upon payment of a reward or other compensation” Section 45-2-101 (19)(c), MCA. This statute fits the facts of this case like a glove. The jury so held.
*469 I would affirm defendant’s conviction of felony theft.
MR. JUSTICE GULBRANDSON joins.